IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DMAX, LTD., LLC, *et al.*,

    Plaintiffs,

v.

U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    Defendants.

:
:
:
:
:

Case No. 3:17-cv-429

JUDGE WALTER H. RICE

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #32);
OVERRULING PLAINTIFFS' OBJECTIONS THERETO (DOC. #33);
SUSTAINING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS'
COMPLAINT (DOC. #24); JUDGMENT TO ENTER IN FAVOR OF
DEFENDANTS AND AGAINST PLAINTIFFS; TERMINATION ENTRY

---

Plaintiffs DMAX, Ltd., LLC, and Tetsuya Onozato, a native and citizen of Japan, sought an immigrant visa so that DMAX could permanently employ Onozato as a maintenance engineer. The visa petition sought to classify him as a "professional." Under the Immigration and Nationality Act, "professionals" are defined as "[q]ualified immigrants who hold baccalaureate degrees and who are members of the professions." 8 U.S.C. § 1153(b)(3)(A)(ii). *See also* 8 C.F.R. § 204.5(l)(2) (defining "professional" as "a qualified alien who holds at least a United States baccalaureate degree or foreign degree equivalent.").

Onozato did not have a bachelor's degree or foreign degree equivalent. Plaintiffs nevertheless argued that his sixteen years of work experience was the

equivalent of a bachelor's degree. Prior to submitting the visa petition, Plaintiffs were required to obtain a certification from the Department of Labor, an agency that permits certification based on "alternative experience requirements" if "substantially equivalent to the primary requirements of the job opportunity for which certification is sought." 20 C.F.R. § 656.17(h)(4)(i).

Plaintiffs obtained the required certification. They then filed an I-140 petition with the United States Citizenship and Immigration Services ("USCIS") seeking Onozato's classification as a "professional." USCIS denied the petition, because the position of maintenance engineer did not require a bachelor's degree and the Department of Labor's certification did not support the requested "professional" classification. In contrast to the Department of Labor regulations, neither the Immigration and Nationality Act nor the accompanying regulations permit work experience to be substituted for a degree.

DMAX appealed to the Administrative Appeals Office ("AAO"), arguing that, if Onozato did not qualify as a "professional," USCIS should have considered whether he met the requirements for a "skilled worker" and approved the petition on that alternative basis. The AAO rejected this argument and dismissed the appeal, noting that DMAX had sought only a "professional" classification.

Plaintiffs appealed, challenging the AAO's decision under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706, and alleging that Defendants had acted arbitrarily and capriciously. Plaintiffs sought declaratory and injunctive relief. Defendants filed a motion to dismiss, Doc. #24, arguing that Plaintiffs had failed to

2

exhaust their administrative remedies, and had failed to state a claim upon which relief may be granted. The bottom line was that, because Onozato does not have a bachelor's degree, he does meet the requirements for a "professional" immigrant visa. This was the only classification sought by DMAX. According to Defendants, under these circumstances, the AAO's decision cannot be deemed arbitrary and capricious.

On January 7, 2019, United States Magistrate Judge Sharon L. Ovington issued a thorough 23-page Report and Recommendations. Doc. #32. She rejected Defendants' arguments concerning failure to exhaust administrative remedies and waiver, but recommended that the Court sustain Defendants' Motion to Dismiss Plaintiffs' Complaint, Doc. #24, for failure to state a claim upon which relief can be granted, because the AAO's decision was not arbitrary or capricious.

Plaintiffs filed timely Objections, Doc. #33, to the Report and Recommendations. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court must review *de novo* those portions of the Report and Recommendations to which proper Objections have been made. As an initial matter, the Court notes that, although Plaintiffs generally disagree with the recommendations made by the Magistrate Judge, they fail to explain why. Instead, they simply reargue their memorandum in opposition to the motion to dismiss. Nevertheless, the Court will briefly address Plaintiffs' four Objections.

First, Plaintiffs argue that, despite rejecting Defendants' arguments concerning Plaintiffs' alleged failure to exhaust administrative remedies and alleged

waiver, Magistrate Judge Ovington still recommended sustaining the motion to dismiss. There is nothing improper about this. Defendants moved to dismiss on multiple grounds. Although Magistrate Judge Ovington found that the *procedural* grounds asserted by Defendants lacked merit, she nevertheless agreed with Defendants that Plaintiffs had failed to state a plausible claim that the AAO's decision was arbitrary and capricious.

Second, Plaintiffs object to the assignment of this case to a Magistrate Judge. They note that, in their Rule 26(f) Report, Doc. #25, they indicated that they did not consent to the jurisdiction of a Magistrate Judge. The consent to jurisdiction referred to in the Rule 26(f) report, however, applies only to the authority of the Magistrate Judge to conduct all further proceedings in a case, including trial, entry of judgment and post-trial proceedings. It does not affect Dayton General Order No. 13-01, which separately authorizes Magistrate Judges to issue Reports and Recommendations on all motions to dismiss filed in civil cases.

Third, Plaintiffs reiterate arguments made in their memorandum in opposition to the motion to dismiss, again arguing that they have exhausted all of their administrative remedies and, even if they did not, they should not be required to do so. Given that Magistrate Judge Ovington agreed that Plaintiffs had exhausted their administrative remedies, the basis for this Objection is unclear.

Finally, Plaintiffs argue that they have stated claims upon which relief may be granted. They contend that it is premature to decide whether they will

4

ultimately prevail. The Court disagrees. The relevant question is whether Plaintiffs have stated a plausible claim for relief under the APA. *Bell v. Twombly*, 550 U.S. 544, 555 (2007). Magistrate Judge Ovington thoroughly explained why the AAO's decision could not be deemed arbitrary and capricious.

Based on the reasoning and citations of authority set forth in the Report and Recommendations, as well as upon a thorough *de novo* review of the Court's file and the applicable law, the Court ADOPTS said judicial filing, Doc. #32, in its entirety, and OVERRULES Plaintiffs' Objections thereto, Doc. #33.

The Court SUSTAINS Defendants' Motion to Dismiss Plaintiffs' Complaint, Doc. #24, pursuant to Fed. R. Civ. P. 12(b)(6).

Judgment shall be entered in favor of Defendants and against Plaintiffs.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 31, 2019

WALTER H. RICE
UNITED STATES DISTRICT JUDGE